0.

..

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIELLE TAYLOR,<br>ROBERT MARKLEY,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>NICOLE KAZMAR, et. al.,<br><br>　　　　　　　　　　Defendants. | Case No. 3:16-cv-00109-MMD-WGC<br><br>**ORDER** |

　　　　On February 26, 2016, Plaintiff's filed the first page of an application to proceed in this district without prepaying fees or costs, along with their pro se complaint. (Electronic Case Filing (ECF) Nos. 1, 1-1.) On March 10, 2016, the court directed Plaintiffs to each file their own completed application to proceed in forma pauperis within thirty days. (ECF No. 3.) On April 8, 2016, plaintiff Robert Markley filed an application to proceed in this district without prepaying fees or costs. (ECF No. 4.) As of the date of this Order, plaintiff Danielle Taylor has not filed her completed application.

## I. APPLICATION TO PROCEED IN FORMA PAUPERIS

　　　　A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions).

　　　　In addition, the Local Rules of Practice for the District of Nevada provide: "Any person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed

*in forma pauperis*. The application shall be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of Mr. Markley's application reveals he is unable to pay the filing fee; therefore his application (ECF No. 4) is granted. Ms. Taylor has an additional thirty days from the date of this Order to submit her completed application to proceed without prepaying the filing fee or pay the filing fee, or it will be recommended that the action be dismissed as to her.

## II. SCREENING

**A. Standard**

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiffs' Complaint**

The pro se complaint names the following defendants: Nicole Kazmar, Jeanne Marsh, Amy Sandvick, Sherri Cline, and Amber Howell. (ECF No. 1-1 at 1.) They bring this action pursuant to 42 U.S.C. § 1983. (*Id*.)

The complaint alleges that CPS was called by a woman who goes by the nickname Patches, who was Plaintiff's babysitter and was babysitting Plaintiff's newborn child at the Wonderlodge Motel. (*Id*. at 3.) When Plaintiffs returned to the motel to pick up their son to go home, they heard their child screaming and crying. (*Id*.) When they arrived to Patches' room,

there was a woman there whom Plaintiffs did not know, and Mr. Markley told her to leave. (*Id.*) Patches had their newborn son in her arms, and threw him on the bed from the chair she was sitting in. (*Id.*) Mr. Markley picked the child up, and Plaintiffs were concerned because the child could not move his head. (*Id.* at 4.) Patches' roommate, Lenny, told Plaintiffs that Patches had thrown their child on the floor. (*Id.*) Plaintiffs go on to allege that the police showed up because of the woman whom Plaintiffs did not recognize. (*Id.*) That woman also told the motel's office manager that Patches had been drinking, that Plaintiffs were arguing with Patches, and that there was a baby involved. (*Id.*) Plaintiffs aver that the officers believed Plaintiffs lived in the Wonderlodge, but they did not. (*Id.*) There are no other allegations, and no requested relief. (*Id.* at 5-9.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

While the allegations as to the conduct of their babysitter are disturbing, Plaintiffs fail to allege the violation of the Constitution or other law of the United States with respect to any of the named defendants. As a result, the complaint will be dismissed. Plaintiffs will be given leave to amend.

### III. CONCLUSION

(1) Plaintiff Robert Markley's application to proceed in forma pauperis (ECF No. 4) is **GRANTED**. Plaintiff shall be permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting in forma pauperis does not extend to the issuance of subpoenas at government expense.

(2) Plaintiff Danielle Taylor has **THIRTY DAYS** from the date of this Order to submit her own completed application to proceed in forma pauperis or pay the filing fee. If she fails to do so the court will recommend dismissal of this action as to her.

(3) The Clerk shall **FILE** the Complaint (ECF No. 1-1), and it is **DISMISSED WITH LEAVE TO AMEND**;

1    (4) Plaintiffs have **THIRTY** days from the date of this Order to file an amended
2 complaint to cure the deficiencies noted herein. The amended complaint shall be complete in and
3 of itself without reference to any previous complaint. Any allegations, parties or requests for
4 relief from prior pleadings that are not carried forward in the amended complaint will no longer
5 be before the court. Plaintiffs shall clearly title the amended pleading by placing the words
6 "AMENDED COMPLAINT" on page 1 of the caption, and shall place the case number above
7 that title. If Plaintiffs fail to file an amended complaint within thirty days, the court will
8 recommend dismissal of this action.
9 **IT IS SO ORDERED**.
10 DATED: April 18, 2016.

_William G. Cobb_
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE